UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
EMBASSY OF THE FEDERAL             )
REPUBLIC OF NIGERIA,               )
                                   )
       Plaintiff,                  )
                                   )
vs.                                )   Civil Action No. 1:10-cv-01929
                                   )
EPHRAIM EMEKA UGWUONYE,            )
BRUCE E. FEIN, MARVIN E. PERLIS,   )
ECU LAW GROUP, and ECU             )
ASSOCIATES, P.C.,                  )
                                   )
       Defendants.                 )
_____)

**DEFENDANT BRUCE FEIN'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Defendant Bruce Fein ("Fein"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), and files this motion to dismiss Plaintiff's First Amended Complaint as to him for failure to state a claim upon which relief may be granted.

In this action Plaintiff Embassy of the Federal Republic of Nigeria ("Plaintiff") seeks to recover the sum of $1,550,000 that was received on its behalf by its attorney, Co-Defendant, Ephraim Emeka Ugwuonye ("Ugwuonye"), as a tax refund in connection with the sale of its real estate and allegedly converted by Ugwuonye for his own uses. Plaintiff, as part of this suit, seeks to establish liability against Defendant Bruce E. Fein ("Fein") based upon factually and legally unsupported allegations that Fein was a partner

with Ugwuonye's law firm.  Fein was not, and never has been, a partner with Ugwuonye or his law firm.  In his initial response to the Complaint initiating this suit, Fein filed a motion for more definite statement seeking to require Plaintiff to set forth the factual basis of its claims of partnership.  Fein consented to Plaintiff's request for leave to file an amended complaint to set forth Plaintiff's claims against Fein with greater specificity.  Plaintiff's First Amended Complaint completely fails to do so.

## STANDARD OF REVIEW

Although complaints attacked by Rule 12(b)(6) motions need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his or her "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citations omitted).  The Supreme Court recently clarified that, in all Federal Cases, FRCP Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"*Ashcroft v. Iqbal,* 556 U.S.__, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations omitted).

Accordingly, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a facially plausible claim.  To meet this test, the facts alleged in a complaint must establish more than the "sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it "stops short of the line between possibility and plausibility." *Id.* (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal citation omitted). At a minimum the Complaint must allege enough facts that, if true, would "plausibly give rise to an entitlement to relief" on the merits of his claims. *Iqbal,* 129 S.Ct. at 1950.

The Supreme Court explained in *Iqbal* that "two working principles" underlie its decision in *Twombly*: first, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50.  The determination of whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *id.*at 1950, and although legal conclusions - which need not be accepted as true, unlike factual allegations - "can provide the framework of a complaint, they must be supported by factual allegations." *Id.; see also Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("…the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions cast in the form of factual allegations.").

## STATEMENT OF THE CASE

### Naked Allegations of Partnership

Each count in Plaintiff's seven-count First Amended Complaint (the "Complaint") pivots on the seminal allegation that Ugwuonye ("Ugwuonye"), acting on behalf of ECU

Law Group or ECU Associates (hereinafter all three to be referred to as "ECU entities"), wrongly converted or retained a $1.55 million IRS tax refund owed to the Embassy of Nigeria on November 20, 2007.  Complaint, ¶ 19. Fein is alleged to be liable for Ugwuonye's alleged wrongdoing as a "partner" of the ECU entities. Id. at ¶¶ 7, 30, 31, 61, 72, 93, 101, 109.  It is wildly alleged, on information and belief, that Fein received a portion of the $1.55 million (Id. at ¶ 31) without any factual recitations whatsoever supporting the basis of that allegation.

The Complaint is devoid of any specific factual allegation to support any legal conclusion that Fein ever was, or currently is, a partner in the ECU entities.  It does not allege when Fein became a partner in the ECU entities.  It does not allege the terms of the partnership.  It does not allege Fein was listed on the letterhead of the ECU entities or shared an email address with them.  It does not allege the ECU entities or that Fein ever represented to Plaintiff that Fein was a partner of the ECU entities.  It does not allege that Fein ever signed a contract or a retainer agreement with Plaintiff, or that Fein was ever mentioned in a contract or retainer agreement between the ECU entities and Plaintiff.  The Complaint does not allege that Fein personally ever represented to any person on the planet that he was a partner of the ECU entities.  The Complaint does not allege that in representing the ECU entities concerning the subject matter of this Complaint that Fein represented that he was a partner of the ECU entities.  Indeed, the Complaint acknowledges that Fein corresponded with Plaintiff on "Bruce Fein & Associates, Inc." letterhead. Id. at ¶ 30.  The Complaint neither alleges that "Bruce Fein & Associates, Inc." had any partnership or other affiliation with the ECU entities, nor that it was a

bogus law firm.  The Complaint does not allege there is a single person anywhere or a single piece of paper proposing that Fein was a partner of the other Defendants.

The sole allegation in the Complaint to support the naked contention that Fein was a partner at the ECU entities prior to the filing of the Complaint is the following:  "Before this action was filed Ugwuonye and Fein advertised their affiliation with ECU Associates on the internet at http://www.eculaw.com (last visited on December 2, 2010) and represented to the public that Ugwuonye and Fein were partners in the same firm.  After the Embassy filed this lawsuit, the ECU Associates website was removed from the Internet."  Id. at ¶ 7.

The Complaint is silent as to when the alleged partnership commenced, or when the website first posted the advertisement.  Specifically, the Complaint does not allege Fein was a partner of the ECU entities at any time from 2006-2009, when the alleged wrongdoing regarding the IRS tax refund occurred.  The Complaint fails to allege the specific words on the website that allegedly represented Fein as a "partner" in the ECU entities.  Indeed, the Complaint conspicuously omits quoting a single word from the website.  It does not include a screen shot of the website.  The Complaint does not allege that any particular reader of the website, including Plaintiff, believed it advertised Fein as a partner in the ECU entities.

The Complaint does not allege that Fein even knew the website existed or authorized or controlled any of its contents.  The Complaint does not allege the existence of a partnership agreement between Fein and the ECU entities.  It does not allege that Fein was entitled to share in the profits of the ECU entities.  It does not allege Fein had

authority to act on behalf of the ECU entities. It does not allege that any partnership tax return was ever filed indicating that Fein was a partner of the ECU entities. It does not allege any co-ownership of any business for profit between Fein and the ECU entities. It does not allege Fein ever registered with a bar association as a partner of the other Defendants, or ever signed a pleading or entered an appearance in any case as a partner of the other Defendants.

The Complaint does not allege that Fein had any involvement in gaining access to the $1.55 million disputed IRS tax refund  The Complaint does not allege that Fein ever received a demand from Plaintiff to remit the $1.55 million IRS tax refund in Plaintiff's pre-Complaint communications with the ECU entities.  The Complaint ignores that Ugwuonye has filed an affidavit in this case specifically denying that Fein is or was ever a partner of the ECU entities. Ex. 1, ¶ 4, 5, 8.  The Complaint does not allege Fein ever sent an invoice to Plaintiff, signed a contract with Plaintiff, or demanded anything of value from Plaintiff.

In sum, Plaintiff alleges Fein was a partner of the ECU entities at some unknown time before the Complaint was filed based on a defunct website created at some unknown time by some unidentified person. The Complaint does not contain a screen shot of the website or the specific language on the website that is said to assert a partnership relation between Fein and the ECU entities. The Complaint fails to allege that Fein knew the website existed or authorized any of its contents.

The Complaint absurdly implies something sinister should be inferred because Fein did not respond to an extra-judicial letter sent by Plaintiff on January 7, 2011, which

contained unofficial interrogatories requesting information in the possession of Plaintiff. Id. at ¶ 38. Plaintiff's letter, for instance, demanded invoices and correspondence that were purportedly sent to Plaintiff, which obviously would be in Plaintiff's possession if they existed (which they do not). Fein never represented the Embassy of Nigeria in any capacity. The Complaint audaciously maintains that Fein was saddled with a "professional and ethical responsibility" to respond to a letter seeking discovery outside the rules of the Federal Rules of Civil Procedure. Predictably, Plaintiff cites nothing to support such an outlandish proposition.

In sum, the Complaint's legal conclusion that Fein was a partner with the other Defendants is unsupported by any credible factual allegation or inference.

## ARGUMENT

**Partnership Allegations Are Threadbare And Require Dismissal.**

Fein's alleged liability turns on the Complaint's assertion that Fein was a "partner" of the ECU entities at times relevant to Ugwuonye's alleged retention or conversion of the $1.55 million IRS tax refund in dispute. Complaint, ¶¶ 7, 30, 31, 61, 72, 93, 101, 109. The Complaint is fatally deficient for at least two reasons. It fails to allege any earmarks of the existence of a partnership between Fein and the ECU entities; and, it fails to allege that Fein was a partner of the ECU entities at any time relevant to Plaintiff's claims

Section 202 of the Uniform Partnership Act defines a partnership as "the association of two or more persons to carry on as co-owners a business for profit…"

Maryland partnership law, which would apply to the alleged partnership involving Fein and the ECU entities, echoes the UPA definition:

> **§ 9A-202. Formation of partnership.**
>
> (a) In general.- Except as otherwise provided in subsection (c) of this section, the unincorporated association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership and whether or not the association is called "partnership", "joint venture", or any other name.

Md. Corps. & Associations § 9A-202(a). The Complaint, however, fails to allege that Fein and the ECU entities are or were an "unincorporated association of two or more persons to carry on as co-owners a business for profit." It does not allege any type of co-ownership of a business between the Defendants. It does not allege an agreement to share profits or losses. It does not allege ownership of shares between Defendants. It alleges only that once upon a time unknown to Plaintiff an Internet website controlled by an unidentified person, http://www.eculaw.com, represented that Defendant Fein was a partner of the ECU entities. The Complaint does not allege that Fein knew the website existed or authorized or controlled any of its contents. It does not allege who controlled or policed the website. Nor does it allege that the website used the word "partner" or a synonym to describe any relationship between Fein and the ECU entities. It does not recite any language on the website. It does not include a screen shot of the website.

The Complaint's allegations interpreting mystery language on a currently nonexistent website controlled by an unidentified person to mean that two or more

persons are partners is insufficient to establish facial plausibility for the partnership it concocts from trifles light as air. A properly alleged partnership requires an allegation of co-ownership of a business for profit between the alleged partners, according to the plain language of Maryland's partnership law. Nowhere in the Complaint can such an allegation be found or inferred to describe the relationship between Fein and the ECU entities.

The Complaint is bare of any allegation from which it is reasonable to infer a legal conclusion that there was a partnership between Fein and the ECU entities. There is no allegation that any partnership tax returns show Fein and the ECU entities as partners. There is no allegation that Defendants shared profits, shared losses, or shared property ownership. There is no allegation that in any legal proceeding or with any client, including Plaintiff, Fein was ever represented as a partner of the ECU entities. There is no allegation that any bar association ever represented that Fein was a partner in the ECU entities. There is no allegation that Fein has ever signed a pleading, entered an appearance, or otherwise identified himself as a partner with the ECU entities. Nor is there any allegation that Fein is a member of the Maryland Bar, although the firm at which he is purportedly a partner is, according to Plaintiff, located in Silver Spring, MD. The Complaint, indeed, acknowledges that Fein practices law as Bruce Fein & Associates, Inc., and that Fein has never maintained any "personal financial interest, either directly or indirectly as a partner of Defendants, in retaining the $1.55 million tax refund." Complaint, ¶ 30.

The Complaint contradicts its partnership allegations in ¶¶ 30 and 32 of the Complaint, which treat Fein as practicing law independently of the other Defendants in representing them in their dispute with the Embassy of Nigeria that culminated in this lawsuit.

The Complaint must be dismissed for failure to plausibly allege the facts necessary to demonstrate a partnership between Fein and the ECU entities. Sheer conjecture is insufficient. *Twombly,* 550 U.S. at 555; *Iqbal,* 129 S.Ct. at 1949; *Kowal,* 16 F.3d at 1276.

Even assuming that at some time a partnership arose between Fein and the ECU entities (which it did not), the Complaint must be dismissed for failure to allege that the partnership existed at any time relevant to Plaintiff's claims. A partnership can be liable only for liabilities that arise *after* its creation. But the Complaint nowhere alleges when the alleged partnership between Fein and the ECU entities was created. According to the Complaint, the partnership could have commenced as late as December 2, 2010, long after the alleged wrongdoing by Ugwuonye that is the lynchpin of Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, the Amended Complaint as to Defendant Bruce E. Fein should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Respectfully submitted,

MILES & STOCKBRIDGE, P.C.

By: _____/s/_____
Harvey B. Cohen *(DC Bar No. 149930)*
John E. Prominski, Jr. *(DC Bar No. 356303)*
1751 Pinnacle Drive, Suite 500
McLean, VA   22102
(703) 903-9000
(703) 610-8686 (facsimile)
hcohen@milesstockbridge.com
jprominski@milesstockbridge.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing paper was electronically filed and/or mailed, postage pre-paid, this 14th day of July, 2011 to:

T. Michael Guiffre, Esquire
Patton Boggs, LLP
2550 M Street, N.W.
Washington, D.C. 20037
*Counsel for plaintiff Embassy of the Federal Republic of Nigeria*

Donald M. Temple, Esquire
Donald M. Temple, P.C.
1229 15th Street, N.W.
Washington, D.C. 20005
*Counsel for defendant Ephraim Emeka Ugwuonye*

/s/
John E. Prominski, Jr.