**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EMBASSY OF THE FEDERAL REPUBLIC OF NIGERIA,**<br><br>Plaintiff,<br><br>v.<br><br>**EPHRAIM EMEKA UGWUONYE,** *et al.***,**<br><br>Defendants. | Civil Action No. 10-cv-1929 (BJR)<br><br>**MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT, MOTION FOR LEAVE TO FILE, MOTION TO STRIKE, AND MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on a motion for summary judgment[1] by Defendant Ephraim Emeka Ugwuonye. *See* Dkt. # 76 (hereinafter "Def.'s Mot."). Defendant Ugwuonye moves the Court to hold that two other Defendants in this action, ECU Associates, P.C.[2] and ECU Law Group,[3] lack the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Plaintiff, the Embassy of the Federal Republic of Nigeria ("the Embassy"), cross-moves for a default judgment against the same two Defendants, alleging that they are capable of being sued and have failed to defend in this action. *See* Dkt. #77 (hereinafter "Pltf.'s Mot.").[4]

---

[1] Defendant Ugwuonye's motion is styled as a motion to dismiss or, in the alternative, a motion for summary judgment. In light of the Court's reliance on materials outside the pleadings, it will be treated as a motion for summary judgment. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1294 (3d ed. 1998) (noting that, if a motion to dismiss under Rule 17(b) is supported by materials outside the pleadings, it may be treated as a motion for summary judgment).

[2] Defendant Ugwuonye refers to ECU Associates, P.C. as "Ecu & Associates, PC" in his motion. Consistent with the docket, the Court will reference the Defendant as ECU Associates or ECU Associates, P.C.

[3] Defendant Ugwuonye refers to ECU Law Group as "Eculaw Group" in his motion. Consistent with the docket, the Court will reference the Defendant as "ECU Law Group."

[4] There are two related motions also pending: Defendant Ephraim Emeka Ugwuonye's motion for leave to file a late opposition to the cross-motion for default judgment (Dkt. #81), and the Embassy's motion to strike Ugwuonye's reply in support of his motion to dismiss (Dkt. #89). These motions will be treated herein.

Ugwuonye's motion for summary judgment is denied, while the Court will deny in part and defer ruling in part on the Embassy's motion for default judgment.

I.   BACKGROUND

This is a lawsuit concerning money allegedly owed to the Embassy by Defendant Ugwuonye. Ugwuonye acted as legal counsel for the Embassy in several real estate transactions and, in November 2007, obtained a property tax refund from the Internal Revenue Service ("IRS") for the Embassy in the amount of $1.55 million. The Embassy alleges that Ugwuonye never delivered the funds. Am. Compl. (Dkt. #33) ¶ 1. In addition to Defendant Ugwuonye, the Embassy names as Defendants Bruce Fein, ECU Law Group, and ECU Associates, P.C. *Id.* ¶¶ 4-6. The Embassy alleges that Defendants Ugwuonye and Fein were partners in ECU Law Group, an alleged law partnership, and ECU Associates, P.C., a Maryland professional corporation. *Id.* ¶¶ 5-7.

On November 9, 2010, the Embassy filed its first Complaint in this action. *See* Dkt. #1. The Complaint was served upon Defendant Ugwuonye in his personal capacity (Dkt. #2), as a partner in ECU Law Group (Dkt. #4), and as a "partner" [*sic*] in ECU Associates, P.C. (Dkt. #5). On January 6, 2011, Donald M. Temple filed a Notice of Appearance (Dkt. #12) on behalf of "Emeka Ephraim Ugwuonye, *et al.*" The following day, Attorney Temple filed an Errata (Dkt. #14) clarifying that he was representing Ugwuonye, "ECU Law Group, and ECU Associates, P.C." On January 31, 2011, Defendants Ugwuonye, ECU Associates, and ECU Law Group filed a motion to dismiss (Dkt. #18). Judge Kennedy denied that motion as moot on July 15, 2011, in light of the Amended Complaint filed by the Embassy. Minute Order of July 15, 2011. On August 29, 2011, Defendants filed a motion for leave to file an Answer and Counterclaim out of time (Dkt. #40) in response to the Embassy's Amended Complaint; that motion was granted on October 6, 2011. Minute Order of Oct. 6, 2011. The Answer and Counterclaim were designated

as being "By Defendants Ephraim Emeka Ugwuonye and ECU Associates, P.C." Answer (Dkt. #44) at 1. ECU Law Group was not listed as a Defendant or Counter-Plaintiff on the Answer and Counterclaim.

On October 8, 2011, Donald M. Temple filed a consent motion to withdraw as attorney. *See* Dkt. #45.[5] Since that time, Defendant Ugwuonye has appeared *pro se*. ECU Law Group has not filed any documents in this case since the January 31, 2011 motion to dismiss; ECU Associates, P.C. has not filed any documents since the Answer and Counterclaim filed on October 6, 2011. This case was reassigned to the undersigned judge on April 3, 2012.

On June 25, 2012, counsel for the Plaintiff, counsel for Defendant Bruce Fein, and Defendant Ugwuonye (*pro se*) appeared before this Court for a Status Hearing. *See* Tr. 2:7-12 (Dkt. #94). Defendant Ugwuonye stated that he was appearing "for the ECU entities as well," but indicated that his law firm, ECU Associates, had closed, and that ECU Law Group was "not really an entity at all." Tr. 2:12-24. Both Defendant Ugwuonye and counsel for Defendant Fein denied that Ugwuonye and Fein were ever in any kind of partnership with one another. Tr. 8:17-9:6. The Court granted Defendant Ugwuonye leave to file a motion to dismiss ECU Associates and ECU Law Group, and indicated that the Embassy could file a cross-motion for default judgment in response. *See* Order of June 26, 2012 (Dkt. #70). Those motions are the subject of this Memorandum Opinion.

## II.   LEGAL STANDARD

### A.   Motion for Summary Judgment under Rule 56

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[5]   That motion was granted by the undersigned judge on April 19, 2012. *See* Minute Order #1 of April 19, 2012.

of law." *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University*, 23 F. Supp. 2d 11 (D.D.C. 1998).

  **B.**  **Motion for Default Judgment under Rule 55**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. First, a plaintiff should request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).[6] Once default has been entered, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b).[7]

While default establishes the defaulting party's liability for the well-pleaded allegations of the complaint, it does not establish liability for the amount of damage claimed by the plaintiff. *Flynn v. Old World Plaster, LLC*, 741 F. Supp. 2d 268, 269-70 (D.D.C. 2010). The court will make an independent determination of the sum to be awarded. *Id.*

"Because courts strongly favor resolution of disputes on their merits . . . modern courts do not favor default judgments." *Id.* (internal citations omitted). However, when a party is essentially unresponsive and brings the adversary process to a halt, "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.*

---

[6] While Rule 55(a) gives the Clerk authority to enter a default, it is not a limitation on the power of the court to do so. *See Fisher v. Taylor*, 1 F.R.D. 448 (D.C. Tenn. 1940); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 1998).

[7] The Embassy filed its motion for an entry of default and its motion for default judgment in the same document. *See* Pltf.'s Mot. at 4.

4

## III. DISCUSSION

### A. Defendant Ugwuonye's motion for summary judgment will be denied

Defendant Ugwuonye urges this Court to grant summary judgment and dismiss Defendants ECU Associates and ECU Law Group because these Defendants lack the capacity to sue or be sued under Federal Rule of Civil Procedure 17(b). Rule 17(b) provides: "Capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located." Fed. R. Civ. P. 17(b). In light of the subsequent analysis, Ugwuonye's motion will be denied.

#### *1.   Defendant ECU Associates, P.C. has the capacity to be sued, and will not be dismissed as a party to this action*

ECU Associates, P.C. is a Maryland professional corporation. Am. Compl. ¶ 6; Answer ¶ 6. Defendant Ugwuonye argues that Defendant ECU Associates, P.C. should be dismissed because ECU Associates forfeited its corporate charter in the State of Maryland on or before January 11, 2010, and failed to file a report on personal property pursuant to Md. Code Ann., Tax-Prop. § 11-101. Ugwuonye contends that, under Maryland law, a corporation that has forfeited its charter cannot be sued. Def.'s Mot. at 2-3.

As ECU Associates, P.C. was organized under Maryland law, Maryland law determines its capacity to sue or be sued. Fed. R. Civ. P. 17(b)(2). Under Maryland corporate law, a corporation that has forfeited its charter for failure to file a property report lacks any capacity to sue or be sued. Md. Code Ann., Corps. & Ass'ns § 3-503(d) ("[T]he powers conferred by law on the corporations are inoperative, null, and void as of the date of the proclamation"). When the charter has been forfeited, however, "the directors of the corporation become the trustees of its assets for purposes of liquidation." Md. Code Ann., Corps. & Ass'ns § 3-515(a). The director-

trustees are empowered to wind up the affairs of the corporation, including "discharge of existing debts and obligations of the corporation." Md. Code Ann., Corps. & Ass'ns § 3-515(b)(1). The director-trustees have the specific powers to "sue or be sued in their own names as trustees or *in the name of the corporation*" as is "necessary and proper to liquidate the corporation and wind up its affairs." Md. Code Ann., Corps. & Ass'ns § 3-515(c)(3)-(4) (emphasis added); *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1102 (Md. 2004). There must be a rational relationship between the lawsuit and the winding up process. *See Patten v. Bd. of Liquor License Comm'rs*, 667 A.2d 940, 945 (Md. 1995). *Cf. Mintec Corp. v. Miton*, 392 B.R. 180 (D. Md. 2008) (holding that an action may be brought in the name of a corporation whose charter has been forfeited if it is part of a good faith liquidation or winding up of the affairs of the corporation).

The Embassy filed documentation from the State of Maryland Department of Assessments and Taxation indicating that the corporate charter for ECU Associates was revived as of April 2007.[8] Pltf.'s Mot., Guiffré Decl., Exh. C. Defendant Ugwuonye has not provided anything that would indicate that the charter was not active throughout the 2007 calendar year. Therefore, it appears that ECU Associates' charter was operative when it obtained the Embassy's $1.55 million property tax refund in November 2007. As the tax refund is an alleged debt or obligation that was incurred while the charter was active, the director-trustee (Ugwuonye) may be sued *in the name of the corporation* as part of his duties to "discharge of existing debts and obligations of the corporation" as is "necessary or proper" to "wind up its affairs." Md. Code

---

[8] ECU Associates, P.C., a/k/a ECU & Associates, P.C., was formally incorporated on July 7, 1999, but forfeited its charter twice previously; the charter was formally revived in 2004 and 2007 before the latest forfeiture in 2010. *See* Pltf.'s Mot., Declaration of T. Michael Guiffré ("Guiffré Decl."), Exhs. A-C. The charter was forfeited for failure to file personal property reports in compliance with Md. Code Ann., Tax-Prop. § 11-101(a)(1). Def.'s Mot. at 3.

Ann., Corps. & Ass'ns § 3-515(b)(1), (c)(4).  Therefore, Defendant Ugwuonye may be sued in the name of ECU Associates, P.C.

In clarifying that ECU Associates is still a party to this action, the Court must note that, while Ugwuonye can appear *pro se* in his personal capacity, he cannot do so as the director-trustee of ECU Associates.  *See, e.g., Rowland v. Ca. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Mraz*, 274 F. Supp. 2d 750, 755 (D. Md. 2003) ("A trustee appearing in a solely representative capacity . . . requires a lawyer in federal court.") (internal citations omitted).  Ugwuonye must obtain counsel in order to defend this case as director-trustee of ECU Associates, P.C.  The Court will allow fourteen days for counsel to enter an appearance on behalf of ECU Associates.  If counsel does not appear, the Court will grant the Embassy's motion to enter a default as to ECU Associates, P.C. and Ugwuonye as director-trustee of ECU Associates.[9]

> 2. *Defendant ECU Law Group will not be dismissed, because there are genuine issues of material fact as to the partnership's existence*

Defendant Ugwuonye moves the Court to dismiss ECU Law Group from this action because it "is neither an individual nor a registered nor incorporated business name capable of suing or being sued in its name."  Def.'s Mot. at 1.  The Embassy contends that, on the contrary, ECU Law Group is a partnership, and can be sued as such.

---

[9] Statements by Defendant Ugwuonye indicated that there may be some confusion on his part as to the capacity in which he appears in this case.  The Court clarifies that Ugwuonye is a Defendant in this case *both* in his individual, personal capacity and in his representative capacity as director-trustee of ECU Associates, P.C.  *See* Return of Service/Affidavit of Summons and Complaint Executed at Dkt. #2 (serving Ugwuonye personally) and Dkt. #5 (serving Ugwuonye on behalf of ECU Associates, P.C.).

Under Rule 17(b)(3), *see supra* Section III.A, District of Columbia law[10] governs whether the alleged partnership has capacity to sue and be sued.[11] District of Columbia law, in turn, provides that "the law of the jurisdiction in which a partnership has its chief executive office governs relationship among the partners and between the partners and the partnership." D.C. Code § 33-101.06 (§ 29-601.06). The Embassy provided a hard copy of the website for ECU Law Group, which indicates that it was located in Silver Spring, Maryland. Pltf.'s Mot., Guiffré Decl., Exh. D. Maryland law will apply.

Under Maryland law, "the unincorporated association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership and whether or not the association is called 'partnership,' 'joint venture,' or any other name." Md. Code Ann., Corps. & Ass'ns § 9A-202(a). A written agreement is not necessary to create a partnership. *Garner v. Garner*, 358 A.2d 583, 587-88 (Md. Ct. Spec. App. 1976). While a partnership "may be proved by express agreement," it may also be inferred from the acts of the parties and the intentions implied by those acts. *Wildwood Med. Ctr., LLC v. Montgomery Cty.*, 954 A.2d 457, 463 (Md. 2008); see also *Madison Nat'l Bank v. Newrath*, 275 A.2d 495, 498-99 (Md. 1971) (summarizing cases for the principle that individuals who carry on a business to mutual benefit and share in its profits are partners). A person who receives a share of the profits in a business is presumed to be a partner in that business, barring certain statutory exceptions. Md. Code Ann., Corps. & Ass'ns § 9A-202(d)(3).

---

[10] Title 33 of the District of Columbia Code (Partnerships) was repealed by Law 18-378, the "District of Columbia Official Code Title 29 (Business Organizations) Enactment Act of 2009." D.C. Law 18-378 became effective on July 2, 2011, but by its terms was not applicable until Jan. 1, 2012. The Court shall cite to Title 33, as it was the law in effect during the actions in question. The Court shall cite the current versions (Title 29, Ch. 6) in parallel with the versions previously in effect. (The text of the sections cited is the same in both versions.)

[11] In the District of Columbia, a partnership may sue and be sued in the name of the partnership. D.C. Code § 33-103.07 (§ 29 603.07).

Maryland law also has a provision for the liability of "purported partners"—similar to what was known at common law and in the earlier version of the Uniform Partnership Act as "partnership by estoppel":

> If a person, by words or conduct, purports to be a partner, or consents to being represented by another as a partner, in a partnership or with one or more persons not partners, the purported partner is liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership.  If the representation, either by the purported partner or by a person with the purported partner's consent, is made in a public manner, the purported partner is liable to a person who relies upon the purported partnership even if the purported partner is not aware of being held out as a partner to the claimant.  If partnership liability results, the purported partner is liable with respect to that liability as if the purported partner were a partner.  If no partnership liability results, the purported partner is liable with respect to that liability jointly and severally with any other person consenting to the representation.

Md. Code Ann., Corps. & Ass'ns § 9A-308. *See also Klein v. Weiss*, 395 A.2d 126, 143 (Md. 1978) (quoting Md. Code Ann., Corps. & Ass'ns § 9-308 (repealed) (earlier version of § 9A-308, entitled "Partner by estoppel")); *Myers v. Aragona*, 318 A.2d 263, 268-69 (Md. Ct. Spec. App. 1974) (holding that an attorney was estopped from denying the existence of a partnership where the attorney used or allowed the use of his name on various legal documents and letterheads).

The Embassy offers a variety of evidence to support its contention that ECU Law Group exists as a partnership.  For instance, the Embassy notes that, on the website for ECU Law Group, the biography for Defendant Bruce Fein indicates that he joined ECU Law Group "first as of counsel."  Pltf.'s Mot., Guiffré Decl., Exh. D.  While Fein is not explicitly identified as a partner, there is a strong implication that he has such a position with the firm.  The Embassy also points to the repeated use of the plural first-person ("we") on the website, including next to photographs featuring both Defendants Ugwuonye and Fein.

The Court finds that the Embassy has demonstrated that there is a genuine issue of material fact as to the existence of that partnership. The Court need not determine at this time whether the Embassy has proffered sufficient evidence to prove that ECU Law Group was a partnership. "The question whether a partnership existed in fact or by estoppel is a question of fact for the consideration of the jury." *McBriety v. Phillips*, 26 A.2d 400, 405 (Md. 1942) (internal citation omitted). Ugwuonye's motion for summary judgment dismissing ECU Law Group will be denied.

### B. Defendant Ugwuonye's motion for leave to file his late opposition is denied

The Embassy's cross-motion for default judgment was filed on August 13, 2012. *See* Dkt. #77. Ugwuonye's opposition to that motion was due on August 30, 2012. LCvR 7(b); Fed. R. Civ. P. 6(d). The Embassy filed notice with the Court indicating that Ugwuonye had failed to file an opposition on September 10, 2012. *See* Dkt. #80. Ugwuonye filed a motion for leave to file his late opposition on September 12, 2012. *See* Dkt. #81.

Under Federal Rule of Civil Procedure 6(b), if a deadline has passed, a court may extend the time to file for good cause if the party files a motion showing it failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The inquiry for "excusable neglect" hinges on whether there will be prejudice to the plaintiff, the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the defendant, and whether the defendant acted in good faith. *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (citing *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Of these factors, the reason for delay is the most important, particularly if it weighs against granting the extension. *Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007).

The Court notes that this is not the first time Defendant Ugwuonye has missed a deadline

in this action.[12] Ugwuonye cites preparation for his trials in Nigeria as his excuse for his late filing. However, as the Embassy points out in its opposition to Ugwuonye's motion, Ugwuonye managed to file a motion for extension of time before another judge in this district the same day his opposition was due before this Court. *See* Motion for Extension of Time to File Notice, Ugwuonye v. Adefuye, No. 12-908 (D.D.C. Aug. 30, 2012). Ugwuonye's ability to file a motion in another case that day significantly undermines his position that his trials in Nigeria made it too difficult to file even a timely motion for an extension of time in this case. Def.'s Mot. for Leave at 1. In fact, his motion for an extension of time in the other case does not even mention his difficulties in Nigeria; instead, he alludes to his commitments in Maryland and the District of Columbia and his children's return to school at the end of August. Mot. for Extension, No. 12-908 at 1.

In light of his multiple delays, and the significant questions raised as to the legitimacy of his delay in filing an opposition, Ugwuonye's motion for leave to file his opposition is denied.

### C. The Embassy's motion to strike is granted

Ugwuonye's reply brief in support of his motion for leave to file his late opposition to the cross-motion was due on September 24, 2012. LCvR 7(c); Fed. R. Civ. P. 6(d). On September 25, 2012, the Embassy filed a notice with the Court indicating that Ugwuonye had not filed a reply brief, and that briefing on the motion was complete. *See* Dkt. #84. On September 26, 2012, Ugwuonye filed his late reply. *See* Dkt. #86.[13]

The Standing Order indicates that "[u]ntimely motions . . . may be summarily denied, stricken, or ignored." Standing Order (Dkt. #56) at 3. It would seem that there could be nothing

---

[12]   For instance, the Court observes that, while Defendant Ugwuonye's motion to dismiss was due on July 10, 2012, *see* Order of June 26, 2012, Ugwuonye did not file the motion until July 27, 2012.

[13]   The reply indicated that it was asking "for leave to file *nunc pro tunc*," but Ugwuonye filed the document as a reply, rather than as a motion.

so untimely as a late reply on a motion for leave to file a late opposition. Furthermore, Ugwuonye failed to file an opposition to the Embassy's motion to strike, which would have been due October 15, 2012. Therefore, the Embassy's motion to strike the reply brief is granted.

### D. The Court's ruling on the Embassy's motion for default judgment is deferred in part and denied in part

#### 1. The Embassy's motion for default judgment will be deferred as to ECU Associates, P.C.

The Embassy argues that ECU Associates, P.C. has failed to "otherwise defend" itself in this action since filing its Answer and Counterclaim to the Embassy's Amended Complaint on October 6, 2011. Indeed, ECU Associates, P.C. failed to respond to the Court's Order for a Joint Status Report (*see* Dkt. #48), failed to appear at the Court's hearing on June 25, 2012, and has failed to participate in discovery (*see* Dkts. 69 and 70). No attorney has appeared on behalf of ECU Associates since Mr. Temple's withdrawal on October 8, 2011.

Nonetheless, as the Court has only just clarified that ECU Associates, P.C. has the capacity to be named as a separate Defendant in this case (that is, Ugwuonye, as director-trustee, is sued in the corporation's name), it would be premature to grant the Embassy's motion at this time. The Court will defer ruling on the Embassy's motion, and provide Defendant ECU Associates, P.C. with the opportunity to seek out counsel for these proceedings.[14] Should ECU Associates fail to obtain legal representation, the Court will enter a default against it and proceed accordingly. *See Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (holding that a corporate defendant who originally appeared through counsel, who later withdrew, and who refused to obtain new counsel after the court ordered it to do so, had failed to "otherwise defend" such that an entry of default was justified).

---

[14] As noted above, Ugwuonye cannot appear *pro se* as director-trustee for the corporation; ECU Associates, P.C. must be represented by counsel.

>    2.   *The Embassy's motion for default judgment will be denied as to ECU Law Group*

The Embassy argues that a default should be entered against ECU Law Group, as it has failed to appear in this case since the motion to dismiss filed on January 31, 2011—the first responsive pleading in this action, which was subsequently denied as moot.  *See* Minute Order of July 15, 2011.  The Embassy has indicated that there are two partners in ECU Law Group: Defendant Ugwuonye and Defendant Fein.  Ugwuonye denied that he and Fein were partners in his Answer to the Embassy's Amended Complaint.  Answer ¶ 7.  Fein denied that he and Ugwuonye were partners, and disavowed any representations that may have made him out to be Ugwuonye's partner.  Fein Answer (Dkt. #55) ¶ 7.

While the Embassy has succeeded in raising a genuine issue of material fact as to whether ECU Law Group was a partnership (either by the intention of the parties or through their representations), it has not proven that a partnership existed, nor that it relied on the existence of a partnership to its detriment.  *See McBriety*, 26 A.2d at 405.  These are factual issues that must be dealt with in discovery.  Moreover, the only two alleged partners are also individual Defendants, both of whom have appeared in this case.  The Embassy may direct its discovery on the partnership issues to Defendants Ugwuonye and Fein.  Accordingly, a ruling on the Embassy's motion for default judgment as to ECU Law Group would be premature at this juncture, and the Court will deny it.

>    **THEREFORE**, it is, hereby **ORDERED**:
>
>    1)   Defendant Ugwuonye's motion for summary judgment of dismissal as to Defendants ECU Associates, P.C. and ECU Law Group is **DENIED**.
>
>    2)   Defendant Ugwuonye's motion for leave to file his opposition is **DENIED**.
>
>    3)   The Embassy's motion to strike Defendant Ugwuonye's reply is **GRANTED**.
>
>    4)   The Embassy's motion for default judgment against Defendant ECU Associates, P.C. is **DEFERRED**.

5)   The Embassy's motion for default judgment against Defendant ECU Law Group is **DENIED**.

6)   Defendant ECU Associates, P.C. has fourteen (14) days from the date of this Order to obtain counsel and for that counsel either to enter an appearance before this Court or move to appear *pro hac vice*. Failure to obtain counsel will result in the Court entering a default against this Defendant.

A separate Order will be issued consistent with this Memorandum Opinion.

November 2, 2012

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE